Filed 7/28/23  Dimejian v. Armenian Revolutionary Federation CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
### DIVISION THREE

| | |
|---|---|
| AIDA DIMEJIAN et al., | B319337 |
| Plaintiffs and Appellants, | Los Angeles County Super. Ct. No. 21STCP01785 |
| v. | |
| ARMENIAN REVOLUTIONARY FEDERATION – DASHNAKTSUTIUN, WESTERN, U.S.A. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Affirmed.

Meylan Davitt Jain Arevian & Kim, Raymond B. Kim, Shaunt T. Arevian, and Grace C. Lee for Plaintiffs and Appellants.

CSReeder, Reeder McCreary, Christopher S. Reeder; Jeffer Mangels Butler & Mitchell, Susan Allison, Dan Sedor, and Vatche Zetjian for Defendant and Respondent Armenian Revolutionary Federation – Dashnaktsutiun, Western, U.S.A.

Lauter Law and Brian D. Lauter for Defendants and Respondents Carmen Ohanian et al.

## INTRODUCTION

Plaintiffs Aida Dimejian, Stepan Boyajian, and Khatchig Tazian are members of defendant Armenian Revolutionary Federation – Dashnaktsutiun, Western, U.S.A. (ARFDW). Plaintiffs appeal from the trial court's judgment denying their petition to set aside the December 28, 2020 election of ARFDW's board of directors, known as the Central Committee.[1] Plaintiffs argue the court abused its discretion in denying their petition because ARFDW did not satisfy notice and quorum requirements before electing the Central Committee. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Background

ARFDW is a nonprofit corporation based in Glendale. It was formed to advance the rights, culture, heritage, and interests of the Armenian community, and its members are Americans of Armenian heritage living in the "Western" United States. ARFDW is governed by a set of bylaws that were certified in March 2006 (Bylaws).

ARFDW is composed of 17 chapters, the majority of which are in Southern California, with chapters also in Arizona, Nevada, Texas, and Central and Northern California. Each

---

[1] Plaintiffs also named the individual committee members elected on December 28, 2020 as defendants in this case. Those individuals are: Carmen Ohanian, Garo Ispenjian, Harut Mgrditchian, Krikor Topalian (AKA Koko Topalian), Vahan Bzdikian (AKA Vahan Bezdikian), Alik Ourfalian, Levon Kirakosian, Toros Kejejian, Sarkis Berberian (AKA Sako Berberian), Shahen Derderian, and Arto Keuleyan (collectively, 2020 Committee Members).

chapter is represented by a committee, known as a "gomideh." ARFDW also has a student organization that "has no specific region or location." The student organization is "prescribed the rights of a [g]omideh."

The Central Committee is ARFDW's board of directors. It has 11 members who are elected every two years at ARFDW's Regional Convention. The Central Committee directs ARFDW's "overall activities" and supervises the activities of the chapters. The Central Committee has "final authority regarding the interpretation of the bylaws and the decisions of the Regional Convention."

ARFDW's "supreme authority" is the Regional Convention, which elects the Central Committee and adopts ARFDW's bylaws. The Regional Convention is supposed to meet every two years and consists of delegates representing the Central Committee, the chapter's gomidehs, and each chapter's general members. The Central Committee and the gomidehs may each elect one delegate, while each chapter may elect a number of delegates based on the chapter's membership size. A quorum for a Regional Convention exists when "representatives of two-thirds of the [chapters] and gomidehs and a simple majority of the total delegates are present." Only the chapters, including their gomidehs, "that have completely fulfilled the financial obligations placed upon them are fully qualified to participate in the Regional Convention with both voice and vote."

The Armenian Revolutionary Federation (ARF) is a foreign political party organized under Armenian law. ARF's purpose is "to coordinate amongst the different groups of Armenians worldwide." The Armenian Revolutionary Federation Bureau (Bureau) is ARF's executive body. ARFDW and ARF are

independent organizations, and neither the Bureau nor ARF has decision-making authority over ARFDW.

**2.      Events Giving Rise To this Lawsuit**

Around July 2018, ARFDW elected an 11-member Central Committee at a Regional Convention.

On September 13, 2019, the Bureau issued a letter to ARFDW's members, which purported to appoint four additional members, including plaintiffs Dimejian and Boyajian, to the Central Committee (September 13 Appointees). The Central Committee accepted the appointees until a new committee could be elected at ARFDW's next Regional Convention. Although the Bureau had no authority to appoint committee members, the Central Committee didn't want to "quarrel with the Bureau" because it could lead to "substantial disruption of [ARFDW's] work … and create discord in its ranks" since many ARFDW members had "long-standing relationships with the … Bureau." According to the Central Committee's chairperson, the September 13 Appointees were assigned only "discrete and limited activities," and they participated in only one committee vote.

In January 2020, the Central Committee scheduled a Regional Convention for late April 2020. The Central Committee instructed ARFDW's chapters to hold general meetings to elect delegates for the convention. The Central Committee later postponed the Regional Convention and all meetings of ARFDW's chapters due to the Covid-19 pandemic.

In October 2020, the Central Committee rescheduled the Regional Convention for early December 2020. The committee instructed ARFDW's chapters to hold general meetings to elect delegates, and it authorized chapters to excuse from their

4

meetings any members who did not feel safe attending because of the pandemic.

Around early November 2020, the Central Committee postponed the chapters' meetings "at the direction of the … Bureau." Later that month, the Central Committee notified the chapters that the Bureau's "suspension" on holding general meetings had been lifted and that the chapters needed to meet to elect delegates for the Regional Convention by December 1, 2020. As of early December 2020, 13 chapters elected delegates for the Regional Convention.

On December 1, 2020, plaintiff Tazian, the head of the San Francisco chapter, notified the Central Committee that his chapter didn't hold a general meeting due to concerns about the pandemic. That same day, the North Hollywood chapter notified the Central Committee that it too did not hold a meeting to elect delegates for the Regional Convention. Neither chapter tried to hold remote meetings or seek exemptions from ARFDW's in-person meeting requirement. Although the Burbank and San Jose chapters held meetings, both chapters failed to elect delegates for the Regional Convention.

On December 3, 2020, the Bureau instructed the Central Committee to cancel the Regional Convention. The Bureau rejected the Central Committee's request to postpone the convention for a "reasonable time." In a December 27, 2020 letter circulated to ARFDW members, the Bureau purported to appoint a new 11-member Central Committee (Bureau Committee), which included plaintiff Boyajian, two of the other September 13 Appointees, and two members of the Central Committee.

On December 27, 2020, the Central Committee convened an emergency meeting to address the Bureau's purported

5

appointment of a new committee. Only seven Central Committee members attended the meeting. The Central Committee did not invite the four September 13 Appointees or the two members of the original committee who were named to the Bureau Committee, believing those individuals were aligned with the Bureau and, therefore, had a conflict of interest in matters related to the Bureau's attempts to interfere in ARFDW's operations.[2] Two other Central Committee members were listed as absent in the meeting's minutes.

The attending Central Committee members found a quorum was present because the six individuals who were not invited could have their votes "eliminated" due to an "obvious conflict of interest." The attending committee members voted unanimously to hold the Regional Convention on December 28, 2020 to elect a legitimate Central Committee. They did not invite the San Francisco, San Jose, Burbank, and North Hollywood chapters to the convention, believing the leaders of those chapters were aligned with the Bureau and purposefully refused to elect delegates to prevent ARFDW from holding a Regional Convention.

ARFDW held a Regional Convention on December 28, 2020. Representatives from 18 of 26 collective chapters and gomidehs, and a total of 39 delegates, attended the convention. 30 delegates appeared in person, while 9 delegates appeared remotely. The Burbank, North Hollywood, San Francisco, San Jose, Torrance,

---

[2] Dimejian testified she never received notice of the emergency meeting, and the Central Committee's chairperson testified that none of the September 13 Appointees, which includes Dimejian, were invited to the meeting.

and Orange County chapters did not attend the convention. Although the student organization elected delegates, it also did not attend. All the chapters that did not attend the convention, including the student organization, were delinquent on their financial obligations to ARFDW.

The Central Committee found a quorum of representatives attended the Regional Convention. The committee counted only those chapters, gomidehs, and delegates it believed were eligible to attend the convention. Specifically, the committee excluded as ineligible the student organization and the Burbank, North Hollywood, San Francisco, and San Jose chapters because they refused to participate in the convention and, in any event, were delinquent on their financial obligations to ARFDW. In the end, the committee found 11 of 13 eligible chapters and 7 of 13 eligible gomidehs, or more than two-thirds of the eligible chapters and gomidehs, and 39 of 53 eligible delegates, or more than a simple majority of the eligible delegates, were in attendance.

Following a closed vote, the Regional Convention elected a new Central Committee, consisting of the 2020 Committee Members.

3.    **The Petition to Set Aside the December 28, 2020 Election**

In May 2021, plaintiffs filed a petition under Corporations Code[3] section 7616, seeking to set aside the December 28, 2020 election of ARFDW's Central Committee. Plaintiffs alleged the election was invalid because: (1) the Central Committee provided inadequate notice of its December 27, 2020 emergency meeting;

---

[3] All undesignated statutory references are to the Corporations Code.

(2) the Central Committee failed to provide adequate notice of the December 28, 2020 Regional Convention; and (3) a quorum of ARFDW's chapters, gomidehs, and delegates did not attend the Regional Convention.

On January 18, 2022, the court held a hearing on plaintiffs' petition. That same day, the court issued a 38-page ruling denying the petition.

The court found the Central Committee failed to provide adequate notice of the December 27, 2020 emergency meeting to committee members. Nevertheless, the court refused to invalidate the committee's vote to schedule the Regional Convention for December 28, 2020 because the governing statute did not identify any remedy for a board's failure to provide sufficient notice of a board-member meeting. In any event, the court observed, plaintiffs failed to show the Central Committee would have reached a different vote at the emergency meeting—i.e., that it would not have voted to schedule the Regional Convention for December 28, 2020—had every member of the committee been notified of the meeting.

The court also found the December 28, 2020 election was valid. A quorum of representatives attended the Regional Convention at which the election was held, and it was fair and reasonable for the Central Committee to provide only one day's notice of the convention considering the Bureau's extraordinary efforts to overthrow the committee.

As an alternative ground for denying the petition, the court found plaintiffs were precluded from contesting the December 28, 2020 election because they were complicit in the Bureau's efforts to overthrow the Central Committee and, therefore, had "unclean hands."

Plaintiffs appeal.

## DISCUSSION

### 1. Applicable Law and Standard of Review

Section 7616 allows any "director," "member" or "person who had the right to vote" in a nonprofit corporation's election to bring an action to determine the validity of the election. (§ 7616, subd. (a).) The court "may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, may determine the validity of the issuance of memberships and the right of persons to vote and may direct such other relief as may be just and proper." (*Id.*, subd. (d).) The court must hear a petition challenging a corporate election within five days of the date the petition is filed unless there is good cause to hold the hearing on a later date. (*Id.*, subd. (c).)

A corporate election challenge "is a broad-based equity action in which the court may examine the entire transaction without being limited to technical or procedural issues and may adjust the rights of the parties to do justice among them." (*Goss v. Edwards* (1977) 68 Cal.App.3d 264, 271.) The ultimate issue the court must resolve is who "rightfully control[s] the corporation." (*American Center for Education, Inc. v. Cavnar* (1972) 26 Cal.App.3d 26, 37.)

Courts reviewing corporate elections are afforded "wide discretion" to consider all matters relevant to the determination, and they are not limited by technical legal rules or procedural issues. (*Haah v. Kim* (2009) 175 Cal.App.4th 45, 53–54.) Thus, the corporate election statutes provide courts "a free hand to enable them to make such orders or grant such relief as justice

9

may require. In the exercise of the power thus conferred, trial judges must be allowed wide discretion, for they are expressly required to 'proceed in a summary way.' They may and ought to be governed by equitable principles and should deal with cases arising under the statute[s] in accordance with substantial right and justice, but they must not be bound to any hard and fast legal or equitable rules." (2 Fletcher Cyc. Corp. § 370, *citing Lawrence v. I.N. Parlier Estate Co.* (1940) 15 Cal.2d 220; see also *Greb v. Diamond Internat. Corp.* (2013) 56 Cal.4th 243, 266, fn. 31 [describing Fletcher as "leading treatise" on corporations law].)

We review a court's exercise of its equitable powers for abuse of discretion. (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 771.)

## 2. The court properly excluded plaintiffs' evidence that a different set of bylaws governs ARFDW.

As a preliminary matter, plaintiffs contend the court erred when it excluded evidence that ARFDW is governed by a set of rules other than the Bylaws. This argument is meritless.

In their petition, plaintiffs alleged there is "a dispute within ARFDW[] about which bylaws govern the Corporation." According to plaintiffs, ARFDW and the 2020 Committee Members believed the Bylaws govern the organization. Plaintiffs attached a copy of the Bylaws to their petition, and the court admitted a copy of the Bylaws in the parties' joint trial exhibits. Plaintiffs did not attach any other set of bylaws to their petition, nor did they try to introduce evidence of another set of bylaws as part of their opening trial papers. Plaintiffs also did not identify another set of bylaws that they believed governed ARFDW. Instead, in their petition and opening trial brief, plaintiffs

10

conceded that the Bylaws governed ARFDW "for purposes of this action."

In their reply trial brief, plaintiffs also did not dispute that the Bylaws governed ARFDW. However, as part of their reply papers filed below, plaintiffs submitted several new exhibits, including "Exhibit 48," which is a copy of an alternate set of bylaws that plaintiffs now claim governs ARFDW (Alternate Bylaws). Plaintiffs also submitted several declarations as part of their reply papers, in which Dimejian, Boyajian, and other witnesses testified that the Alternate Bylaws were ratified at the 2018 Regional Convention and have governed ARFDW ever since. The court sustained ARFDW's and the 2020 Committee Members' objections to the witnesses' statements in those declarations claiming the Alternate Bylaws govern ARFDW.

At the hearing on their petition, plaintiffs argued for the first time that the court should consider the Alternate Bylaws. Plaintiffs claimed the Alternate Bylaws allowed the Bureau to control many aspects of ARFDW, and that plaintiffs' reliance on those bylaws showed they had a good faith belief that the Bureau was authorized to unilaterally appoint a new Central Committee. The court denied plaintiffs' request, finding plaintiffs were bound by their admission in the verified petition that the Bylaws governed ARFDW.

The court did not abuse its discretion in refusing to consider plaintiffs' evidence concerning the Alternate Bylaws. When a party admits a fact in a pleading, the party becomes bound by that admission. (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271.) The admission precludes "consideration of contrary evidence, [and] any discussion of such evidence is irrelevant and immaterial." (*Ibid.*)

11

In a bench trial, " ' "a fact admitted by the pleadings should be treated as 'found.' " ' " (*Ibid*.) In other words, the court "may not ignore a judicial admission in a pleading, but must conclusively deem it true as against the pleader." (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1155, disapproved of on other grounds by *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175.)

Plaintiffs admitted in their verified petition that the Bylaws govern ARFDW for purposes of this lawsuit. Plaintiffs did not qualify their admission, but instead reiterated it in their opening trial brief. Plaintiffs also never sought relief from their admission by asking for leave to amend their petition, nor did they argue that they were somehow misled or deceived into making the admission. (See *Thurman v. Bayshore Transit Management, Inc.*, *supra*, 203 Cal.App.4th at p. 1158.) Plaintiffs, therefore, were precluded from relying on evidence concerning the Alternate Bylaws to contradict their admission that the Bylaws govern ARFDW.

The court also properly excluded evidence related to the Alternate Bylaws because plaintiffs did not try to introduce that evidence until they filed their reply papers. A trial court has discretion to refuse to consider evidence introduced for the first time on reply. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537.) Plaintiffs did not introduce evidence of the Alternate Bylaws until they filed their reply papers. Plaintiffs don't dispute that they were aware of the Alternate Bylaws before they filed their lawsuit. Indeed, Dimejian and Boyajian testified in their reply declarations that they believed the Alternate Bylaws had governed ARFDW since the 2018 Regional Convention, which occurred more than two years before plaintiffs filed their lawsuit.

12

Nor can plaintiffs claim they didn't anticipate ARFDW and the 2020 Committee Members would argue a set of rules other than the Alternate Bylaws govern ARFDW, since plaintiffs admitted in their petition and opening trial brief that the Bylaws govern the organization.

### 3. Notice of the December 27, 2020 Emergency Meeting

Plaintiffs contend the court erred when it found the Central Committee's December 27, 2020 emergency meeting was valid. Plaintiffs argue the results of that meeting, including the committee's decision to schedule the December 28, 2020 Regional Convention, should be set aside because the committee failed to provide at least 48 hours' notice, and did not notify all committee members, of the meeting. We disagree.

Under section 7211, subdivision (a)(2), at least 48 hours' notice must be provided for special meetings of a nonprofit corporation's board of directors. The corporation's bylaws "may not dispense with notice of a special meeting." (§ 7211, subd. (a)(2).) A majority of the "directors authorized in or pursuant to the articles or bylaws constitutes a quorum of the board for the transaction of business" at a special board meeting. (*Id.*, subd. (a)(7).)

It is undisputed that the Central Committee did not provide at least 48 hours' notice of the December 27, 2020 emergency meeting to any of its members. It also is undisputed that the committee did not notify all its members of that meeting. Nevertheless, the court did not abuse its discretion in finding the Central Committee's failure to provide adequate notice under section 7211, subdivision (a)(7) was excusable under the circumstances.

13

By the time of the emergency meeting, the Bureau had interfered repeatedly with the Central Committee's efforts to hold a Regional Convention on regular notice. The Bureau postponed the chapters' general meetings to elect delegates and cancelled the scheduled December 3, 2020 Regional Convention at the last minute. And immediately before the emergency meeting, the Bureau tried to oust the sitting committee and appoint a new one. Although the Bureau has no authority under the Bylaws to involve itself in ARFDW's operations, the Central Committee accepted the Bureau's recommendations on numerous prior occasions and, as the chairperson testified, many of ARFDW's members had "long-standing relationships" with the Bureau. Indeed, all the individuals the Bureau purported to appoint to the Central Committee were members of ARFDW. Thus, the Central Committee reasonably could have believed the Bureau's conduct was a legitimate threat to ARFDW's independence that required an immediate response—i.e., an election of a new Central Committee by ARFDW's members.

As for the Central Committee's failure to notify all its members of the emergency meeting, plaintiffs haven't shown how they were prejudiced by that decision. It is well-settled that reviewing courts won't disturb a judgment unless the error at issue was prejudicial and a different result likely would have occurred without it. (Code Civ. Proc., § 475; Cal. Const., art. VI, § 13 [no reversal if error did not result in miscarriage of justice].)

Two of the sitting Central Committee members who did not receive notice of the emergency meeting were named to the Bureau Committee. Even if we were to assume the September 13 Bureau Appointees were members of the Central Committee and, therefore, entitled to notice of the emergency meeting, those

14

individuals were appointed by the Bureau, and one of those individuals—plaintiff Boyajian—was named to the Bureau Committee. All six of the individuals who were not notified of the emergency meeting, therefore, appeared to be aligned with the Bureau's efforts to install its own Central Committee. Consequently, it was not unreasonable for the Central Committee to believe those individuals were conflicted and could be precluded from voting on what measures the committee should take to address the Bureau's conduct. (See *Columbia Engineering Co. v. Joiner* (1965) 231 Cal.App.2d 837, 849 [when reviewing corporate elections, courts may disregard procedural or legal infirmities if "necessary to a just direction of the relief"]; *Goss v. Edwards, supra*, 68 Cal.App.3d at p. 271 [courts reviewing corporate elections are not limited by "technical or procedural issues and may adjust the rights of the parties to do justice among them"].)

### 4.	**Notice of the December 28, 2020 Regional Convention**

Plaintiffs next contend the court erred in finding it was appropriate for the Central Committee to provide only one day's notice of the December 28, 2020 Regional Convention. Again, we disagree.

When members of a nonprofit corporation are allowed to vote at a meeting, the corporation must provide at least 10 days' written notice of the meeting to every member who is entitled to vote. (§ 7511, subd. (a).) The notice must identify: (1) "the place, date and time of the meeting"; (2) any means of remotely participating in the meeting, (3) any matters the board intends to present for action at the meeting; and (4) if directors are to be elected at the meeting, "the names of all those who are nominees at the time the notice is given to members." (*Ibid.*) "A court may

15

find that notice not given in conformity with this section is still valid, if it was given in a fair and reasonable manner." (*Id.*, subd. (g).)

The court did not abuse its discretion in finding it was "fair and reasonable" for the Central Committee to provide only one day's notice of the December 28, 2020 Regional Convention. The Central Committee provided more than one month's notice of the originally-scheduled December 3, 2020 Regional Convention. The committee instructed all of ARFDW's chapters to hold general meetings to elect delegates for the convention, which 13 did. Thus, most of ARFDW's chapters were prepared to convene a Regional Convention as of early December 2020. But, as we just discussed, the Bureau repeatedly interfered with the Central Committee's plans to hold its Regional Convention and, in the end, tried to oust the sitting committee.

The Bureau's conduct violated ARFDW's Bylaws and threatened the organization's independence. As the Central Committee's chairperson testified, the Bureau's decisions caused disarray and confusion throughout ARFDW because the members didn't know which body—the Central Committee or the Bureau—was running the organization. In light of the Bureau's conduct and the confusion it caused it among ARFDW's ranks, it was more than reasonable for the Central Committee to believe it was necessary to hold a convention on short notice to elect a new, legitimate committee. It also was reasonable for the committee to believe ARFDW's chapters were prepared to attend a convention on short notice, since most of the chapters had already elected delegates. The court, therefore, acted well within the scope of its equitable powers in finding one day's notice of the December 28,

2020 Regional Convention was fair and reasonable under section 7511, subdivision (g).

We reject plaintiffs' contention that the notice was invalid because the Central Committee did not notify all of ARFDW's chapters of the Regional Convention—i.e., the Burbank, North Hollywood, San Francisco, and San Jose chapters. Plaintiffs cite no authority suggesting section 7511, subdivision (g) is limited only to notice that is defective because it was not provided in a timely manner. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [the court's judgment "is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made"].) In any event, for the reasons we just discussed, the court reasonably could have found that even though the Central Committee did notify all chapters of the convention, the balance of equities weighed in favor of upholding the committee's decision to schedule a Regional Convention on short notice considering the extraordinary circumstances in which that decision was made.

5.    **A Quorum for the December 28, 2020 Regional Convention**

Plaintiffs also contend the court erred in finding a quorum of ARFDW's chapters, gomidehs, and delegates attended the December 28, 2020 Regional Convention. This argument lacks merit.

Under section 7512, subdivision (a), a corporation's bylaws may define a quorum—otherwise a quorum consists of one-third of the corporation's "voting power." (§ 7512, subd. (a).) "If a quorum is present, the affirmative vote of the majority of the voting power represented at the meeting … shall be the act of the members unless the vote of a greater number or voting by classes

17

is required by this part or the articles or bylaws." (*Ibid*.) If a quorum is not present at the beginning of the meeting, no business, aside from voting to adjourn the meeting, may be conducted. (*Id.*, subds. (c) & (d).)

ARFDW's Bylaws define a quorum for a Regional Convention as "representatives of two-thirds of the [chapters] and gomidehs and a simple majority of the total delegates." Under Article 41(a) of the bylaws, only the chapters and gomidehs "that have completely fulfilled the financial obligations placed upon them are fully qualified to participate in the Regional Convention with both voice and vote."

The court did not abuse its discretion in concluding a quorum of ARFDW's chapters, gomidehs, and delegates attended the December 28, 2020 Regional Convention. 39 of 53 eligible delegates attended the convention. Thus, nearly 75 percent, or more than the required simple majority, of delegates were in attendance.

Representatives of 11 chapters and 7 gomidehs also attended the Regional Convention. Although ARFDW has 17 chapters and 18 gomidehs, the Central Committee did not include in its quorum calculation the San Francisco, San Jose, Burbank, and North Hollywood chapters or the student organization because they were delinquent on their financial obligations to ARFDW and chose to either not elect delegates (the geographic chapters) or not attend the convention despite electing delegates (the student organization). Excluding those chapters and gomidehs, the Central Committee found 11 of 13 eligible chapters and 7 of 13 eligible gomidehs were present, constituting 69 percent, or more than the necessary two-thirds, of the total eligible chapters and gomidehs.

Plaintiffs argue the court erred in deferring to the Central Committee's decision to exclude from its quorum count the student organization and the San Francisco, San Jose, North Hollywood, and Burbank chapters. We disagree.

ARFDW's Bylaws give the Central Committee the "final authority regarding the interpretation of the bylaws and decisions of the Regional Convention." As we noted above, Article 41(a) of the Bylaws permits only those chapters and gomidehs that have satisfied their financial obligations to participate in a Regional Convention. The Central Committee interpreted this provision to mean only those chapters and gomidehs that are current on their financial obligations should be counted toward a quorum for a Regional Convention. Although Article 41(a) doesn't expressly address whether the Central Committee may make such an exclusion when calculating a quorum, nothing in the Bylaws precludes the committee from doing so. Indeed, because Article 41(a) strips delinquent chapters and gomidehs of not only their right to vote, but also their right to a "voice," at the Regional Convention, the Central Committee reasonably could have interpreted that provision to exclude delinquent chapters and gomidehs from a Regional Convention quorum calculation. (*Berke v. Tri Realtors* (1989) 208 Cal.App.3d 463, 469 ["The practical and reasonable construction of the constitution and bylaws of a voluntary organization by its governing body is binding on the membership and will be recognized by the courts."].)

Finally, plaintiffs argue the Central Committee's quorum calculation was arbitrary because two chapters that plaintiffs claim were delinquent on their financial obligations to ARFDW— the Glendale and West San Fernando chapters—participated in

19

the December 28, 2020 Regional Convention. The court however, refused to consider evidence that the Glendale and West San Fernando chapters were delinquent because plaintiffs did not present that evidence until they filed their reply papers. As we explained above, a court may disregard evidence that a plaintiff introduces for the first time on reply. (*Jay v. Mahaffey*, *supra*, 218 Cal.App.4th at p. 1537.)

     In sum, we conclude the court did not abuse its discretion in upholding the December 28, 2020 election of ARFDW's Central Committee.[4]

---

[4] In light of this conclusion, we need not address whether the court correctly found plaintiffs were precluded from challenging the election under the "unclean hands" doctrine.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.